Mark R. Thierman, Cal SBN 72913
Jason J. Kuller, CA SBN 228147
**THIERMAN LAW FIRM, P.C.**
7287 Lakeside Drive
Reno, Nevada 89511
Tel: (775) 284-1500
Fax: (775) 703-5027
Email: laborlawyer@pacbell.net

Eric M. Epstein SBN 64055
**ERIC M. EPSTEIN, APC**
1901 Avenue of the Stars, #1100
Los Angeles, CA 90067-6002
Tel: (310) 552-5366
Email: EMEpstein@aol.com

Walter Haines, SBN 71074
**UNITED EMPLOYERS LAW GROUP, PC**
65 Pine Avenue, #312
Long Beach, CA 90802
Tel: (877) 696-8378
Email: walter@whaines.com

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID HEFFELFINGER, ANDREW HINDS AND RODNEY DWYRE, on behalf of themselves, the general public, and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ELECTRONIC DATA SYSTEMS CORPORATION, a Delaware corporation, and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 2:07-CV-00101 MMM-E<br><br>[Assigned For All Purposes To Honorable Margaret M. Morrow]<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DECERTIFY THE CLASS**<br><br>Date: November 5, 2012<br>Time: 10:00 a.m.<br>Court: 780 (Roybal Federal Bldg.)<br><br>Action Filed: November 28, 2006<br>Trial Date: TBD |

# TABLE OF CONTENTS

I. Contrary to Defendant's Motion, The Ninth Circuit Left This Court's Certification Ruling Untouched............................................................................. 1

II. Defendant Raises No New Law Or Facts, Much Less Any Warranting Decertification. ............................................................................................... 3

III. The Only Impact Of The Ninth Circuit's Opinion Is A More Narrowly Defined Class Consisting of Information Analysts and Systems Engineers. ...................................................................................................... 4

IV. The Class Claims of Information Analysts and Systems Engineers Can Be Adjudicated By Common Proof and Representative Testimony. ...................................................................................................... 8

V. CONCLUSION ............................................................................................14

THIERMAN LAW FIRM, PC
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email laborlawyer@pacbell.net www.laborlawyer.net

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Alba v. Papa John's USA, Inc.*
  2007 U.S. Dist. LEXIS 28079 (C.D. Cal. Feb. 7, 2007) ................................... 13

*Ellis v. Costco Wholesale Corp.*
  2012 U.S. Dist. LEXIS 137418 (N.D. Cal. September 25, 2012) ......................... 2

*Ellis v. Costco Wholesale Corp.*
  657 F.3d 970 (9th Cir. 2011) .................................................................. 2

*Hanlon v. Chrysler Corp.*
  150 F.3d 1011 (9th Cir.1998) ................................................................ 12

*Heffelfinger v. Electronic Data Systems Corp.*
  Case No. 08-56319 and 08-56384 (9th Cir. June 7, 2012) ........................ passim

*In re Wells Fargo Home Mortgage Overtime Pay Litigation*
  571 F.3d 953 (9th Cir. 2009) ................................................................ 12

*Krzesniak v. Cendant Corp.*
  2007 U.S. Dist. LEXIS 47518 (N.D. Cal. Jun. 20, 2007) ................................ 13

*Marlo v. UPS, Inc.*
  639 F.3d 942 (9th Cir. 2011) .......................................................... 3, 7, 10

*Munoz v. Giumarra Vineyards Corp.*
  2012 U.S. Dist. LEXIS 93043 (E.D. Cal. July 5, 2012) .................................. 13

*Nerland et al. v. Caribou Coffee Co.*
  2007 U.S. Dist. LEXIS 97166 (D. Minn. April 6, 2007) ................................. 12

*Pina v. Con-Way Freight, Inc.*
  2012 U.S. Dist. LEXIS 59505 (N.D. Cal. April 12, 2012) ............................... 13

*Rieve v. Coventry Health Care, Inc.*
  2012 U.S Dist. LEXIS 58603 (C.D. Cal. April 25, 2012) .................................. 9

*Schulz v. QualxServ, LLC*
  2012 U.S. Dist. LEXIS 58561(S.D. Cal. Apr. 26, 2012) .................................... 8

THIERMAN LAW FIRM, PC
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email laborlawyer@pacbell.net www.laborlawyer.net

*Tierno v. Rite-Aid Corp.*
   2006 U.S. Dist. LEXIS 71794 (N.D. Cal. 2006) .................................................. 14

*Wal-Mart Stores Inc. v. Dukes*
   131 S. Ct. 2541, 180 L. Ed. 2d 374 (2011) ........................................... 3, 7, 8, 13

**CALIFORNIA CASES**

*Harris v. Superior Court*
   53 Cal. 4th 170 (2011) ................................................................................ passim

*Sav-On Drug Stores, Inc. v. Superior Court*
   34 Cal. 4th 319 (2004) ...................................................................................11, 13

**CALIFORNIA STATUTES**

Cal. Lab. Code § 515.5 ............................................................................................. 7

**OTHER AUTHORITIES**

Rule 23(b)(2) ............................................................................................................. 2

Wage Order No. 4 ............................................................................................... 6, 10

**THIERMAN LAW FIRM, PC**
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email laborlawyer@pacbell.net www.laborlawyer.net

# I.

## Contrary to Defendant's Motion, The Ninth Circuit
## Left This Court's Certification Ruling Untouched.

Defendant EDS's motion to decertify the class ("Motion") purports to be based on the Ninth Circuit's recent opinion affirming in part and reversing in part this Court's grant of summary judgment for EDS. In its opinion, the Ninth Circuit affirmed summary judgment with respect to two of the class representatives, David Heffelfinger and Andrew Hinds. *See Heffelfinger v. Electronic Data Systems Corp.*, Case No. 08-56319 and 08-56384 (9th Cir. June 7, 2012) [hereinafter "Opinion"] at 3-6. But the Ninth Circuit reversed summary judgment with respect to the third class representative, Rodney Dwyre. *Id.* at 6-8. Whereas Heffelfinger and Hinds represented a class of information technology ("IT") workers employed by EDS as Data Base Administrators and Senior Systems Administrators, Dwyre represents a discreet class of IT workers employed by EDS as Information Analysts and Systems Engineers.

Significantly, the Ninth Circuit ***did not reverse, vacate, or modify*** any part of the Court's certification ruling. *See id.* at 8-9. Far from it, the Ninth Circuit found that "[t]he district court did not abuse its discretion in certifying the IT Workers as a class" and "did not err in certifying the class." *Id.* at 8. Contrary to Defendant's Motion, the Ninth Circuit did not "invite" the Court to decertify the class. In ordering remand – which was a necessity after reversing summary judgment – the Ninth Circuit stated that "the district court retains broad discretion to address problems with the certified class, including the authority to decertify the class, in light of our holding on appeal or for other reasons." *Id.* at 9. This is a broad-based acknowledgment of the Court's inherent authority after remand, not an invitation to decertify.

Had the Ninth Circuit truly wished to invite decertification, it could and would have vacated the Court's certification ruling with instructions to reconsider. *See, e.g., Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 988 (9th Cir. 2011) ("We vacate the district court's certification of a class pursuant to Rule 23(b)(2) and remand for reconsideration in light of this opinion.").[1] After all, reversal of the Court's certification order is precisely what EDS asked for in its cross-appeal. (*See* Defendant's Second Brief on Cross-Appeal ["Cross-Appeal Brief"], attached as Exhibit A to Plaintiffs' Request for Judicial Notice, at 68.) But the Ninth Circuit did not reverse the Court's certification ruling and did not "invite" decertification. Nor should it have.

As presently demonstrated, EDS's Motion raises no new law or facts warranting decertification. All of EDS's "new" authorities and legal arguments were already before the Ninth Circuit, and rejected. (*See* section II *infra*.) All of the facts currently marshaled by EDS in pursuit of decertification were already before the Court when certification was granted. (*See id.*) As explained later below, the only fallout from the Ninth Circuit's Opinion is a more narrowly-defined class focused around the remaining class representative. (*See* section III *infra*.) In its eagerness to undo certification in its entirety, Defendant fails to alert the Court to the true import of the Ninth Circuit's Opinion.

/ / /

/ / /

/ / /

/ / /

---

[1] Even after remand, the district court in *Ellis* ended up certifying the proposed classes. *See Ellis v. Costco Wholesale Corp.*, 2012 U.S. Dist. LEXIS 137418 (N.D. Cal. September 25, 2012).

## II.

## Defendant Raises No New Law Or Facts,

## Much Less Any Warranting Decertification.

Defendant's Motion also endeavors to convince the Court that there have been intervening changes in the law warranting decertification. (*See* Defendant's Memorandum of Points and Authorities in Support of Motion ["MPA"] at 3-4.) All of these "new" authorities and legal arguments were already before the Ninth Circuit, however, when it rejected Defendant's appeal from certification. (*See* Defendant's letter brief to the Ninth Circuit filed on July 20, 2011, regarding supplemental authority ["Supplemental Brief"], attached as Exhibit C to Plaintiffs' Request for Judicial Notice.) Defendant's Supplemental Brief to the Ninth Circuit listed seven "additional citations of relevant decisions," including Defendants' new white horse cases of *Wal-Mart Stores Inc. v. Dukes*, 131 S. Ct. 2541, 180 L. Ed. 2d 374 (2011) and *Marlo v. UPS, Inc.*, 639 F.3d 942 (9th Cir. 2011). (*See* MPA at ii-iii (citing *Wal-Mart* and *Marlo* "passim.") None of these new authorities or legal arguments persuaded the Ninth Circuit to reverse certification, and the Court should not be fooled here. All of Defendant's current arguments have already been rejected either by this Court in granting certification or by the Ninth Circuit in rejecting Defendant's appeal.

Nor does Defendant's Motion raise any new facts warranting decertification. Practically all the evidence supporting Defendant's Motion is a retread of old evidence previously before the Court. (*See* Defendant's Compendium of Evidence in Support of Motion ["Compendium"] at 1 n.1 (noting that 9 of Defendant's 10 exhibits "were previously submitted to the Court by EDS in connection with previous briefing" and "are being resubmitted for the Court's convenience"). The only arguably "new" evidence is a declaration from Defendant's counsel attaching transcripts from 2008 and 2009. (*See* Declaration

THIERMAN LAW FIRM, PC
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email laborlawyer@pacbell.net www.laborlawyer.net

of Gregory Mersol, attached as Exhibit 10 to Compendium, at ¶¶ 5-6.)  None of this evidence was sufficient to defeat class certification the first time around, and it is not sufficient now to have the class decertified.

Even worse, Defendant burdens the Court with irrelevant evidence in order to manufacture class differences and heterogeneity that no longer exist.  For example, Defendant continues to rely on evidence relating to Heffelfinger and Hinds, and the specific job categories they represent (i.e., Data Base Administrators and Senior Systems Administrators), even though Heffelfinger and Hinds are no longer part of this action and can no longer represent a class of such workers.  Defendant deliberately includes this evidence in order to convince the Court of its central argument, namely, that class members have widely varying job duties and functions.  In fact, however, the class remaining after the Ninth Circuit's remand is *more* homogeneous and more narrowly tailored than that originally certified.  Whereas the Court originally certified a broad class of IT workers (including Data Base Administrators and Senior Systems Administrators represented by Heffelfinger and Hinds), the current class consists solely of Information Analysts and Systems Engineers represented by Plaintiff Rodney Dwyre.

### III.

**The Only Impact Of The Ninth Circuit's Opinion Is A More Narrowly Defined Class Consisting of Information Analysts and Systems Engineers.**

So eager is Defendant to take a second bite at the apple and undo certification altogether, that it neglects the only real opportunity for decertification provided by the Ninth Circuit's Opinion.  That is, in its Opinion, the Ninth Circuit eliminated Heffelfinger and Hinds as potential class representatives and concluded that their job functions were administratively exempt.  *See* Opinion at 3-6.  With the elimination of Heffelfinger and Hinds,

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DECERTIFY THE CLASS

there is no longer a class representative – much less a typical or adequate class representative – for any similarly-situated data base administrator or senior systems administrator.  (*See* Plaintiffs' [Proposed] Order filed concurrently herewith.)  Even if there were, the Ninth Circuit has concluded that the job functions performed by Heffelfinger and Hinds (*i.e.*, by EDS data base administrators and senior systems administrators) are administratively exempt.  *See* Opinion at 3-6.  Accordingly, the only change mandated by the Ninth Circuit's Opinion is the formal removal of Heffelfinger and Hinds as class representatives and the corresponding elimination of their represented job categories and functions from the class.

"In contrast, there is a triable issue as to whether Dwyre, a Systems Engineer and Information Analyst, qualifies for the administrative exemption."  Opinion at 7.  Citing the California Supreme Court's recent decision in *Harris v. Superior Court*, 53 Cal. 4th 170 (2011), the Ninth Circuit found that Dwyre's duties, and the duties of computer programmers and systems analysts, "do not in themselves constitute '*qualitatively*,' *Harris*, 53 Cal. 4th at 181, administrative work within the meaning of the administrative exemption."  Opinion at 7 (italics in original).  Notwithstanding Dwyre's occasional role as a technical Team Lead, the Ninth Circuit concluded "a reasonable juror could find that Dwyre was not primarily engaged in "*qualitatively*" administrative work, *Harris*, 53 Cal. 4th at 181."  Opinion at 8 (italics in original).

Even had the Ninth Circuit concluded that Dwyre's job duties were "in themselves" *qualitatively* administrative, that would not have ended the inquiry.  In *Harris*, the California Supreme Court clarified that, in order for work to be "directly related" to management policies or general business operations within the meaning of the administrative exemption, the work must be both *qualitatively and quantitatively* administrative.  *See Harris*, 53 Cal. 4th at 181.  Because the

test is conjunctive, and because the first prong was not satisfied, there was no need for the Ninth Circuit to consider whether Dwyre's duties were also *quantitatively* administrative. *Cf.* Opinion at 3-5 (analyzing Heffelfinger's and Hinds' duties under both qualititative and quantitative tests).

Although Defendant focuses its analysis almost exclusively on the "primarily engaged" component of the administrative exemption, this was not the fulcrum of the Ninth Circuit's Opinion. Defendant is merely trying to scare the Court into believing that individualized inquiries are necessary for every conceivable class member (including data base administrators and senior systems administrators already removed from the equation). As clarified by *Harris*, there is no need to consider whether an employee is "primarily engaged" in administrative tasks for purposes of the exemption unless those tasks are both *qualitatively* and *quantitatively* administrative in nature. *See* Cal. Code Regs. Tit. 8, §11040 (hereinafter "Wage Order No. 4") at (1)(A)(2); *Harris*, 53 Cal. 4th at 181-82. Here, because Dwyre's job duties did not even qualify as *qualitatively* administrative, there was no need for the Ninth Circuit to determine whether they were also *quantitatively* administrative or whether he "primarily engaged" in such administrative tasks. *See* Opinion at 7-8.

Although the Ninth Circuit discusses the "primarily engaged" part of the exemption, this is solely with respect to Dwyre's temporary role as technical Team Lead.[2] *See* Opinion at 7. After acknowledging that Team Lead duties fall within the definition of administratively exempt work, the Ninth Circuit concludes that Dwyre was primarily engaged in his computer programming and

---

[2] EDS employed Dwyre from approximately November 2002 to September 2006, but he served as Team Lead only from the end of 2005 through 2006. (*See* Declaration of Rodney Dwyre in Opposition to Defendant's Motion for Summary Judgment, previously filed as Doc. 98 [hereinafter "Dwyre Decl."], at ¶¶ 2, 12.)

THIERMAN LAW FIRM, PC
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email laborlawyer@pacbell.net www.laborlawyer.net

systems analyst duties, not Team Lead functions. But the important part of the Ninth Circuit's Opinion – apparently missed by Defendant – is that Dwyre's computer programming and systems analyst duties do not "in themselves" qualify as *qualitatively* administrative tasks within the meaning of the administrative exemption." Opinion at 7. Although ignored by Defendant, this is a very important determination – perhaps the ***most*** important determination – for purposes of Defendant's challenge to certification and the existence of common questions. (*See* section IV *infra*.) Not surprisingly, while Defendant's Motion harps on so-called "new" authorities like *Wal-Mart* and *Marlo*, which were largely ignored by the Ninth Circuit (*Marlo* is cited once in Plaintiffs' favor (*see* Opinion at 8)), Defendant's decertification argument practically ignores *Harris*, even though it is the most heavily relied on new authority in the Opinion.

Indeed, Dwyre's job duties are so far removed from the realm of the administrative exemption under Harris that the Ninth Circuit proposes "the computer software field exemption" as a possible exemption. *See* Opinion at 9; *see also id.* at 7-8 (analyzing Dwyre under Cal. Lab. Code § 515.5, which is the computer software employee exemption). Obviously, there would be no need to consider an entirely different exemption if the administrative exemption were colorable here. Regardless, Defendant bears the burden of proving that either wage-and-hour exemption applies. *See Marlo*, 639 F.3d at 947.

The upshot of the Ninth Circuit's Opinion is that Dwyre remains as class representative for other Information Analysts or Systems Engineers employed by EDS during the class period. (*See* Plaintiffs' [Proposed] Order filed concurrently herewith.) Although Dwyre's job title changed from Systems Engineer to Information Analyst during his employment, his job duties remained the same. (*See* Declaration of Rodney Dwyre in Opposition to Defendant's Motion for Summary Judgment, previously filed as Doc. 98 [hereinafter "Dwyre Decl."], at

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DECERTIFY THE CLASS

¶¶ 4, 8.) Dwyre's job titles thus encompass the same computer programming and systems analyst duties analyzed by the Ninth Circuit. *See* Opinion at 7.

## IV.

## **The Class Claims of Information Analysts and Systems Engineers Can Be Adjudicated By Common Proof and Representative Testimony.**

Defendant boldly claims that "[t]he common legal issue this Court identified over four years ago in certifying the class has been answered: Class members performed administratively exempt work when the performed services for EDS's customers." (MPA at 3:16-18.) In the first place, if this were true, Defendant's argument would actually support certification. Echoing *Wal-Mart*, Defendant is essentially saying that all class member claims yield a single common answer. *See* 131 S. Ct. at 2551-52. For purposes of certification, it matters not whether that common answer favors Plaintiffs or Defendant. *See Schulz v. QualxServ, LLC*, 2012 U.S. Dist. LEXIS 58561, at **23-24 (S.D. Cal. Apr. 26, 2012) (finding sufficient common questions to certify plaintiffs' meal and rest break claims based on employer's defenses, because "if the employer prevails on its claim that its policy satisfies the law, then the defendant benefits from the preclusive benefits of a class determination.") Whether class member claims are capable of common resolution is the issue here, not what that common resolution might be, which is a merits-based determination.

Here, however, Defendants' statement is the exact opposite of what the Ninth Circuit actually held. As just explained, the Ninth Circuit held that computer programming and systems analyst duties do not "in themselves" qualify as *qualitatively* administrative tasks within the meaning of the administrative exemption." Opinion at 7. This is separate and apart from the determination – never reached by the Ninth Circuit – whether such tasks also qualify as

*quantitatively* administrative. *See* Opinion at 8; *Harris*, 53 Cal. 4th at 181-82. Far from determining that all class members performed administratively exempt work, the Ninth Circuit's Opinion suggests that computer programming and systems analyst functions are not administratively exempt **as a matter of law**. *See* Opinion at 7-8; *see also Rieve v. Coventry Health Care, Inc.*, 2012 U.S Dist. LEXIS 58603, at *55 (C.D. Cal. April 25, 2012) (*sua sponte* granting summary judgment to plaintiff class representative on administrative exemption issue under *Harris*). That is why the Opinion suggests the computer professional exemption as a potentially applicable exemption. *See* Opinion at 9.

Defendant's decertification argument is premised on a misreading of the Ninth Circuit's Opinion and the fallacy that individualized inquiries are necessary to determine the exempt-nonexempt issue. According to Defendants, the Court must now determine "which class members performed qualitatively exempt duties such as those performed by Heffelfinger and Hinds." (MPA at 10:23-25.) This is but one example of Defendant attempting to create chaos out of order. As Defendant well knows, Heffelfinger and Hinds are no longer part of this case and are no longer typical or adequate class representatives. Thus, there is no need to determine which class members are similarly situated to Hefflelfinger and Hinds or whether they performed qualitatively exempt duties.

The only relevant issue now is whether the misclassification claims of Systems Engineers and Information Analysts represented by Dwyre are susceptible to class-wide resolution. Because the Ninth Circuit determined that computer programming and systems analyst functions do not qualify as administratively exempt, Defendant focuses on another issue entirely: "which class members performed qualitatively exempt team lead duties such as those performed by Dwyre." (MPA at 25-26.) Yet this is not the driving issue and not the mandate of the Ninth Circuit's Opinion. It would only be the driving issue if

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DECERTIFY THE CLASS

Plaintiffs' sought certification of a "team lead" class, which they do not.

Dwyre himself performed such lead functions only during the last year of his employment.  (*See* Dwyre Decl. at ¶ ¶ 2, 12.)  So even if he were primarily engaged in such team lead functions (and the Ninth Circuit determined he was not), Dwyre would still have been misclassified for the first three years of his employment.  Besides, it would hardly require "individualized inquiries" to determine which Systems Engineers and Information Analysts performed team lead duties since this designation would be easily ascertainable from Defendant's employment records.  At best, to the extent some Systems Engineers and Information Analysts perform team lead functions, they would constitute a subset or subclass of class members, but it would not defeat certification.

Under California law, employees are administratively exempt from overtime coverage if (1) their duties and responsibilities involve the performance of office or non-manual work directly related to management policies or general business operations of their employer or their employer's customers; (2) they customarily and regularly exercise discretion and independent judgment; (3) they perform under only general supervision work along specialized or technical lines requiring special training, experience, or knowledge; (4) they are primarily engaged in duties meeting the test of exemption; and (5) they earn a monthly salary at least two times the state minimum wage for full-time employment.  *See* Wage Order No. 4 at §(1)(A)(2).  Again, it is Defendant who bears the burden of showing all requirements of the exemption are met.  *See Marlo*, 639 F.3d at 947.

In order to avoid this burden, Defendant focuses on the "primarily engaged" prong of the exemption and argues that individualized inquiries are necessary to determine whether each class member spends more than 50% of his or her work time on non-exempt duties.  If Defendant's argument were correct, no misclassification case involving the "primarily engaged" standard could ever

be certified since it would always require a particularized breakdown of how each class member individually spent his or her work time. Indeed, this is the same exact argument made by the defendants in the seminal case of *Sav-On Drug Stores, Inc. v. Superior Court*, 34 Cal. 4th 319, 332 (2004), as well as in numerous other misclassification cases. In *Sav-On*, the defendant argued that "whether any individual member of the class is exempt or nonexempt from the overtime requirements depends on which tasks that person actually performed and the amount of time he or she actually spent on which tasks." 34 Cal. 4th at 325. The California Supreme Court unequivocally rejected this argument as a bar to certification, and this Court should do the same.

Although Defendant purports to show a myriad of individualized issues, common issues of law and fact predominate in this case based on evidence that (1) class members share the same job titles, job descriptions, job functions, and job codes, (2) all worked in California and were subject to California law, (3) all the alleged violations occurred within the same time period, (4) all class members were subject to the same policies and practices, (5) all these policies and practices were established by the same decision-maker (i.e., Defendant), and (6) all the alleged violations claimed by class members are similar. Specifically, each class member's claim to unpaid overtime and other remuneration in this case depends on whether he or she worked for EDS during the class period in a position ("Systems Engineer" or "Information Analyst") that was misclassified either deliberately (on a class basis) or circumstantially (as a consequence of Defendant's class-wide policies and practices).

Contrary to Defendant's argument, Plaintiffs do not contend that EDS's uniform misclassification of class members automatically warrants certification. But it is certainly a factor supporting certification and also lending itself to common proof. In the words of the Ninth Circuit: "[U]niform corporate policies

-11-

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DECERTIFY THE CLASS

will often bear heavily on questions of predominance and superiority," and "[s]uch centralized rules, to the extent they reflect the realities of the workplace, suggest a uniformity among employees that is susceptible of common proof." *In re Wells Fargo Home Mortgage Overtime Pay Litigation*, 571 F.3d 953, 958-59 (9th Cir. 2009). As another court has stated: "The Court finds it disingenuous for [Defendant], on one hand, to collectively and generally decide that all [employees] are exempt from overtime compensation without any individualized inquiry, while on the other hand, claiming that plaintiffs cannot proceed collectively to challenge the exemption." *Nerland et al. v. Caribou Coffee Co.*, 2007 U.S. Dist. LEXIS 97166, *29 (D. Minn. April 6, 2007).

Here, the extant class shares the same computer programming and systems analyst duties already determined by the Ninth Circuit to fall outside the administrative exemption. *See* Opinion at 7-8. Although Defendants repeatedly contend that class members have different job duties, this argument is premised on the original class definition, which included Data Base Administrators and Senior Systems Administrators, and which no longer exists. The only class that exists now is comprised of Systems Engineers and Information Analysts who share the same core job duties and functions. That some class members might also have performed technical lead functions does warrant decertification. Defendants' argument labors under the misconception that certification requires perfect legal and factual uniformity among class members. No such class exists. "All questions of fact and law need not be common to satisfy the rule. The existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir.1998).

Furthermore, although Defendant criticizes Plaintiffs for suggesting that class member duties may be deconstructed into component tasks, "[t]his is an

issue that can easily be resolved on a class-wide basis by assigning each task to one side of the 'ledger' and makes the manageability of the case not the daunting task Defendant has sought to portray." *Sav-On*, 34 Cal. 4th at 331. Contrary to Defendant's argument, the true standard for certification is whether class claims are susceptible to common answers notwithstanding occasional discrepancies. *See*, *e.g, Wal-mart*, 131 S. Ct. at 2552. Here they are.

Where, as here, there is evidence that the duties of the job are largely defined by corporate procedures and policies, courts have routinely certified classes of employees challenging their classification as exempt, despite arguments about "individualized" differences in job responsibilities. *See, e.g., Krzesniak v. Cendant Corp.*, 2007 U.S. Dist. LEXIS 47518, at *3 (N.D. Cal. Jun. 20, 2007); *Alba v. Papa John's USA, Inc.*, 2007 U.S. Dist. LEXIS 28079, at *1 (C.D. Cal. Feb. 7, 2007).

Even if this case involved "hundreds" of particularized questions, as Defendant disingenuously contends, that still would not mean such particularized questions could not be answered by representative proof. Again, courts routinely certify classes involving seemingly particularized issues based on the availability of representative testimony and even anecdotal evidence. *See, e.g., Pina v. Con-Way Freight, Inc.*, 2012 U.S. Dist. LEXIS 59505, at **19-22 (N.D. Cal. April 12, 2012) (certifying meal break class, finding that timekeeping records and representative testimony "present a manageable method of adjudicating Plaintiffs' claims on a class basis," and rejecting defendant's argument that "a finding of liability would require an inquiry as to why each particular class member skipped a given meal break"); *Munoz v. Giumarra Vineyards Corp.*, 2012 U.S. Dist. LEXIS 93043, at **9-11, 35-38, 53-62 (E.D. Cal. July 5, 2012) (certifying meal break class based on time sheets and "anecdotal evidence" from plaintiffs and putative class members).

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DECERTIFY THE CLASS

Finally, Defendant cannot seriously argue that a class action is not superior to other methods of adjudication in order to avoid repetitious litigation, to avoid overburdening the courts, and to ensure that class members with shorter work histories (and relatively small damages) do not go uncompensated. "If a class was not certified in this case, the alternative would be either numerous individual suits or the abandonment of individual claims. The former would undoubtedly result in a great duplication of effort given the predominance of common questions of law and fact, while the latter would result in lost access to the courts." *See Tierno v. Rite-Aid Corp.*, 2006 U.S. Dist. LEXIS 71794, at *36-37 (N.D. Cal. 2006).

## V.

## CONCLUSION

For all the foregoing reasons, and all reasons and evidence previously adduced by Plaintiffs in favor of certification, Defendant's motion should be denied to the extent it seeks decertification of the entire Plaintiff class. Following the Ninth Circuit's Opinion, the Court should eliminate only those class members and class claims represented by Plaintiffs' Heffelfinger and Hinds. Accordingly, the class members and claims represented by Plaintiff Dwyre should remain certified.

Respectfully submitted this 15th day of October, 2012.

                THIERMAN LAW FIRM, PC
                ERIC M. EPSTEIN, APC
                UNITED EMPLOYERS LAW GROUP, PC


By:__/s/ Jason J. Kuller____
      Jason J. Kuller
      Attorneys for Plaintiffs

THIERMAN LAW FIRM, PC
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email laborlawyer@pacbell.net www.laborlawyer.net